# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KEITH SEWARD

**DEFENDANTS**
SEPTA

**(b)** County of Residence of First Listed Plaintiff: **Darby Township**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Olugbenga O. Abiona, Esq.; 215-625-0330
P.O. Box 3326, Cherry Hill, NJ 08034

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | | |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Civil Rights Act, Title VII
Brief description of cause:
Race discriminatory termination of employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: March 8, 2021
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Darby, Pennsylvania__

Address of Defendant: __1234 Markert Street, Philadelphia, PA__

Place of Accident, Incident or Transaction: __Philadelphia, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __03/07/2021__    _[signature]_    __57026__
                        Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Olugbenga O. Abiona, Esquire__, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __03/07/2021__    _[signature]_    __57026__
                        Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

KEITH SEWARD : CIVIL ACTION No.
      Plaintiff, :
  vs. :
        :
SEPTA :
      Defendant :

---

**COMPLAINT AND JURY DEMAND**

**I.  INTRODUCTION**

1. Plaintiff in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon his cause of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA"), rights secured to Plaintiff by the laws of the United States of America.

3. This action arises under the Civil Rights Act 42 U.S.C. §2000e-1, et seq., Title VII, and the Pennsylvania Human Relations Act, which prohibit race discriminatory practices by Defendant against it black employees.

**II.  JURISDICTION, VENUE AND PARTIES**

4. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. 1331, which provides for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America. Prior to filing this lawsuit, Plaintiff filed a Charge of Discrimination with the EEOC, and on February 4, 2021, the United States Department of Justice issued Plaintiff a right to sue notice to take his claims to court. See Exhibit Attached.

1

5. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. 1391(c).

6. Plaintiff, Keith Seward, is an adult individual, residing within Darby Township, Pennsylvania and belongs to a protected class under the applicable statute. Plaintiff is an African-American male.

7. Defendant, SEPTA, is a municipal agency, with its offices located at 1234 Market Street, Philadelphia, PA 19107.

### III. BRIEF STATEMENT OF FACTS

8. Plaintiff started working for SEPTA as a Trolley Operator on October 11, 1989.

9. After about 30 years of employment, and several other promotions, Plaintiff was promoted to the position of Director, Railroad Services in June 2019.

10. On May 6, 2020, Plaintiff received a Notice of Charges/Reasons for Imminent Discharge from SEPTA, where in Plaintiff was charged with certain alleged infractions of SEPTA's Disciplinary Policy based on allegations that were not true and misconstrued facts.

11. SEPTA falsely alleged that Plaintiff had failed to disclose to SEPTA that his wife worked for a Contractor Plaintiff was assigned to oversee their work after he was promoted to the position of Director.

12. When Plaintiff was promoted to the position of Director in June 2019, Plaintiff voluntarily informed her immediate supervisor that his wife worked for a third-party contractor that he was now responsible for overseeing.

13. In August 2019, Plaintiff's Supervisor sent Plaintiff an email stating that it would not be a conflict of interest if neither Plaintiff's wife nor Plaintiff shared company or contractor's information. They did not.

14. Yet, in May 2020, Plaintiff was terminated for alleged violation of SEPTA's Ethics policy for the same reason Plaintiff had voluntarily disclosed to his supervisor in 2019 when he was promoted to the Director position.

15. Plaintiff did not violate SEPTA's ethics policy. Plaintiff voluntarily disclosed to SEPTA about his wife's employment with the third-party contractor he was supposed to oversee their work when Plaintiff was promoted to the position.

16. Plaintiff asserts that SEPTA's termination of his employment was extremely harsh and inconsistent with SEPTA's treatment of similarly situated Caucasian managerial employees like Plaintiff.

17. On May 15, 2020, before he was terminated by SEPTA, at a Determination Hearing by Chief Transportation Rail Officer, Jack Lauser, (Caucasian), Plaintiff provided Mr. Lauser with a list of other Caucasian managerial employees, including Daniel Monaghan and Dennis Zappone, who had engaged in worse conduct than those Plaintiff was alleged to have engaged in but were not discharged by SEPTA but given lesser discipline or the option to early retirement or long term administrative leaves and then allowed to retire so that they would not lose any retirement benefits.

18. Daniel Monaghan, a Caucasian employee, was arrested for fraud and bribery by the US Department of Justice, and for months while these charges were pending, SEPTA permitted Mr. Monaghan continue working and earning income; despite the fact that SEPTA's Office of Inspector General had gathered information confirming Mr. Monaghan's misconduct.

19. Mr. Monaghan later pleaded guilty in a criminal proceeding before the United States District Court in a situation where he was accused of bribery and violation of his duty of honest

3

services to SEPTA, by failing to disclose for over five years a conflict of interest and was unlawfully influenced by the certificates he received for purchasing items from a SEPTA vendor.

20. Despite this case being made public at the time and Mr. Monaghan being sentenced by this Court following his guilty plea, SEPTA did not terminate Mr. Monaghan for engaging in this admitted criminal conduct, but allowed him to retire in lieu of been terminated.

21. Another SEPTA Caucasian Director, Dennis Zappone, admitted to receiving bribe from a SEPTA contractor, Drummond, but was not discharged by SEPTA. SEPTA allowed Mr. Zappone to be demoted to an Assistant Director as a result of his involvement in this scheme in lieu of being terminated.

22. After this bribery incident, Mr. Zappone engaged in further violations of SEPTA's disciplinary policy where he told SEPTA he was sick and took months of sick time, while he was attending meetings at the Abington Township Board of Commissioners, on several occasions.

23. SEPTA's OIG obtained undisputed information that Mr. Zappone had been acting as a commissioner for Abington Township while out sick at SEPTA. SEPTA had obtained copies of videotapes of the Township meetings where Mr. Zappone was, in fact, present when he was supposed to be out sick at SEPTA.

24. Mr. Zappone was stealing SEPTA's time; a violation of SEPTA's disciplinary policy subject to immediate discharge.

25. Yet, SEPTA allowed Mr. Zappone to resign in lieu of him being terminated for violating SEPTA's sick pay policy, giving Mr. Zappone the employment opportunity to keep all his benefits upon retirement.

26. Vince Deluca, (Caucasian) was alleged to have been stealing SEPTA time by leaving work early, and going to the gym on company's time, but SEPTA did not terminate him for these violations, and instead allowed him to retire in lieu of termination.

27. James Leroux, (Caucasian) Director of IT Project Services, was alleged to have been stealing SEPTA's time, but SEPTA did not terminate him for these violations, and instead allowed him to retire in lieu of termination.

28. At the determination hearing with Chief Officer Lauser, Plaintiff asked SEPTA to give him the same equal employment opportunity provided to some of these Caucasian managerial employees and be allowed to go out on administrative leave and then allowed to retire when he was eligible, and not be terminated, so that he could keep his retirement benefits.

29. But SEPTA denied Plaintiff the equal employment opportunity given to these Caucasian employees.

30. On May 27, 2020, SEPTA terminated Plaintiff's employment.

31. Plaintiff asserts that he was subjected to race discriminatory termination of his employment by SEPTA in violation of Title VII and the PHRA.

IV        **STATEMENT OF CLAIM**

**COUNT ONE– Title VII VIOLATION-RACE DISCRIMINATION**

32. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-one (31) above as if same were fully set forth at length herein.

33. The acts and conducts of SEPTA as stated above where Plaintiff was subjected to racial discriminatory employment practices is a violation of Title VII of the Civil Rights Act 42 U.S.C. Section 2000e-1, et seq.

34. As a direct result of said violation of the Civil Rights Act, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, and interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## COUNT TWO– PHRA VIOLATION-RACE DISCRIMINATION

35. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-four (34) above as if same were fully set forth at length herein.

36. The acts and conducts of SEPTA as stated above where Plaintiff was subjected to racial discriminatory employment practices is a violation of the Pennsylvania Human Relations Act.

37. As a direct result of said violation of the PHRA, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, and interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands judgment against Defendant and request that this Honorable Court:

A. Enter judgment against Defendant for back pay, front pay, loss of income, loss of benefits, pre and post judgment interests, costs of suit, compensatory damages, attorneys' fees and expert witness fees as permitted by law; and

B. Award such other relief, as the Court may deem necessary and just, including but not limited to an Order to make whole.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted,

ABIONA LAW, PLLC

Olugbenga O. Abiona Esquire
P. O. Box 3326
Cherry Hill, NJ 08034
(215) 625-0330
Attorney ID. #57026
Attorney for Plaintiff

Dated: March 8, 2021